No. 45,353

STATE OF KANSAS, *Appellee*, v. JAMES LEONARD JOHNSON, *Appellant*.

(460 P. 2d 505)

Opinion filed November 8, 1969.

*James E. Woodson,* of Topeka, was on the brief for the appellant.

*Kent Frizzell,* Attorney General, *James W. Bouska,* County Attorney, and *Hugh H. Kreamer,* Assistant County Attorney, were on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a conviction of burglary in the second degree and grand larceny. The offense is claimed to be counseling, aiding or abetting in the actual burglary.

The defendant, James Leonard Johnson, has appealed. He first contends that the evidence was insufficient to connect him with the crime and that a new trial should have been granted. He also contends that as there was no evidence to connect him with the offense it was error to introduce as evidence against him monies which were the fruit of the crime.

A general review of the facts presented will dispose of these contentions.

At approximately one o'clock on the morning of December 23, 1967, an officer of the Overland Park Police Department was on routine patrol in the downtown business district. He observed a man, later identified as DeMancy Joiner, running north in the alley back of the Overland Park Theater.

He arrested the man, placed him in his patrol car and called for assistance. A patrol car with two officers answered the call. As they approached they noticed an automobile parked about 250 feet north of the Overland Park Theater. Seated in the car was the defendant and with him was Virginia Peterson. Gloria Peterson was

getting into the car. The officers directed the three to follow them to the car where Joiner was being held. All four were taken to the police station for questioning. While waiting in the squad room Gloria Peterson started to the rest-room but was stopped and as she was being returned several rolls of coins fell from underneath her clothing. She remained seated until the matron arrived. She then stood up and other coins were found where she was seated. All of these coins constitute the State's exhibit 1 and is subject to the objection noted.

All four of the party were placed under arrest for burglary and larceny after an officer had been dispatched to the theater where it was discovered that the theater had been broken into and money taken. The next day an officer went to the rear of the theater where Joiner had been arrested and a parcel containing $86.00 taken from the theater was found. This parcel of money constituted the State's exhibit 2 and is also subject to the objection noted. Joiner and Gloria Peterson pled guilty as charged. The charges were dismissed as to Virginia Peterson. The defendant, James Leonard Johnson, was tried and convicted.

We have no hesitancy in concluding there was ample evidence to sustain an inference that the defendant drove the automobile which carried Joiner and Gloria Peterson to the scene of the burglary, waited for them until the burglary was committed and would have carried them away had they not been apprehended. If, from all the facts and circumstances disclosed by the evidence, the jury might have drawn an inference of guilt the verdict will stand. (*State v. Roy,* 203 Kan. 606, 455 P. 2d 512.)

There was also ample evidence to connect defendant with the crime at the time the spoils of the burglary were introduced.

The appellant next contends that an authenticated copy of the journal entry of his previous conviction of burglary in the second degree was improperly received in evidence because the appellant did not have an opportunity to confront the clerk who made the authentication and cross-examine her.

We find no merit in the contention. The authenticated copy was admitted under the provisions of K. S. A. 60-455 and the trial court properly instructed the jury as to its limited use.

The journal entry, if authentic, spoke for itself. The Clerk of the Circuit Court of Jackson County, Missouri certified that the instrument was a true copy of the judgment and sentence. The judge of the circuit court certified that the clerk was the duly elected quali-

fied and acting clerk of the court and as such was the custodian of the records and papers thereof. The matter is well covered by K. S. A. 60-465 (3).

The appellant made no objection before the trial court suggesting that the appellant was not the same James Leonard Johnson as appeared in the authenticated copy of the journal entry.

The appellant objects in this court to certain instructions of the trial court. At the trial the appellant neither requested additional instructions nor objected to those given by the trial court. Notwithstanding, we have examined the instructions and find they properly and sufficiently state the law of the case. It would serve no useful purpose to extend this opinion by including the lengthy instructions. We would suggest to appellant that instruction 19, which was not included in his abstract, answers much of his argument.

An examination of the record discloses no trial errors which would require the granting of a new trial.

The judgment is affirmed.

APPROVED BY THE COURT.