No. 45,596

STATE OF KANSAS, *Appellee*, v. RAY LEE McMILLIN, *Appellant*.

(476 P. 2d 612)

Opinion filed November 7, 1970.

*John M. Simpson*, of Salina, argued the cause and was on the brief for appellant.

*Bill Crews*, county attorney, argued the cause, and *Kent Frizzell*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Appellant Ray Lee McMillin was tried for the offenses of burglary in the second degree and larceny in connection with the burglary. A jury convicted him of the larceny but was unable to reach a verdict as to the burglary. A previous conviction

being shown, he was sentenced for the larceny to confinement for a term of not more than ten years. He now appeals.

Property occupied by the Eagles Lodge in Salina, Kansas, was the subject of the burglary charge, in connection with which the sum of $2,771.43 was allegedly stolen.

The sole question raised upon appeal is the legality of a vehicular search and seizure.

On March 18, 1968, at about 12:30 a. m., a merchant policeman checked the doors of the lodge building, at which time the building had not been broken into; a check at 2:30 a. m. revealed the rear door was locked and in good condition. At 2:55 a. m. another check by a merchant policeman revealed the building had been broken into. The Salina police desk sergeant was immediately notified and a report of the incident was dispatched over the police radio. Meanwhile a cab driver reported he had seen three men running in the alley behind the Eagles building.

At about 3:13 a. m. Saline county Deputy Sheriff Siewert, who had been notified of the burglary, observed a Chevrolet automobile bearing a Wyandotte county, Kansas, license plate about five or six blocks from the scene of the burglary. The vehicle contained four men and was traveling forty miles per hour in a thirty mile per hour zone. Officer Siewert stopped the car and arrested the driver, Bernard Donald Kanan, for speeding. The officer then escorted the vehicle to the police station, arriving about 3:30 a. m. After arrival the other occupants of the vehicle, William Neal Dodson, Bruce LaVern Brooks and appellant McMillin, were arrested for vagrancy. The vehicle was parked in front of the police station and was locked and guarded by police. Detective Wilson of the Salina police department inspected the burglarized premises about 3:20 a. m., observing that fire clay from a broken safe was spread upon the floor. He then went to the police station where he noticed that the four men who had been in the automobile had a white substance on their shoes and pant cuffs similar to the fire clay. Accompanied by Undersheriff Hindman, who was also secretary of the Eagles Lodge, Wilson shone a flashlight through the windows of the locked car which had been driven by Kanan. They observed a cardboard carton sitting in the front of the vehicle. Hindman identified the carton as one belonging to the Eagles Lodge. Appellant and the other three were thereafter booked for burglary. These bookings occurred between 4:15 and 5:15 a. m.

At about 8:00 a. m. on the same morning Officer Wilson filed a written affidavit with a magistate and also gave sworn oral testimony before the magistrate. As a result Wilson obtained a search warrant for the vehicle. At about 8:45 a. m. the automobile was searched at the police garage. Seven cigar boxes containing money and checks identified as coming from the lodge were found in the cardboard carton. Underneath the car seats metal bars and screwdrivers were found. Marks on a broken box in the lodge were shown to have been made by one of the pry bars.

At the trial the incriminating items were received in evidence over appellant's objection that they were obtained in an unlawful and unconstitutional search and seizure, which complaint is now reasserted.

The command of our federal and state constitutions is the same: The right of the people to be secure in their person and property against unreasonable searches and seizure shall not be violated, and no warrant shall issue but on probable cause supported by oath or affirmation and particularly describing the place to be searched and the persons or property to be seized (U. S. Constitution, 4th Amendment; Kansas Bill of Rights § 15).

At the time in question our statute (K. S. A. 62-1830) implementing the constitutional mandates provided:

"A warrant shall issue upon affidavit or upon oral testimony given under oath and recorded before the magistrate or judge. If the magistrate or judge is satisfied that there is probable cause for the issuance of a warrant, he shall issue such warrant describing the property to be searched for and seized and naming or describing the person, place or means of conveyance to be searched. . . ."

The affidavit filed by Officer Wilson to obtain the search warrant recited merely that certain items connected with burglaries or other crimes committed in this state or other states were located in an automobile (describing it) located in front of the Salina police department. Appellant contends, and we must agree, such an affidavit is inadequate to support the issuance of a search warrant. It has long been settled law a mere statement by an officer that he believes or has good grounds to believe contraband or other items subject to seizure are located in a specific vehicle is not sufficient to support the issuance of a search warrant (see, for example, *Byars v. United States*, 273 U. S. 28, 71 L. Ed. 520, 47 S. Ct. 248 [1927]; *Nathanson v. United States*, 290 U. S. 41, 78

L. Ed. 159, 54 S. Ct. 11 [1933]; *Aguilar v. Texas,* 378 U. S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 [1964]; *United States v. Ventresca,* 380 U. S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741 [1965]).

In *State v. Hart,* 200 Kan. 153, 434 P. 2d 999, this court stated:

". . . before a search warrant may validly be issued, there must have been placed before the issuing magistrate sufficient facts to enable him to make an intelligent and independent determination that probable cause exists; . . . bald conclusions or mere affirmations of belief or suspicion are not enough; and while an affidavit may be based on hearsay, there must be sufficient affirmative allegations as to the affiant's personal knowledge or his knowledge concerning his informant, or as to the informant's personal knowledge of the things about which the informant spoke, to provide a rational basis upon which the magistrate can make a judicious determination of probable cause." (p. 162.)

In *United States v. Ventresca,* supra, the court emphasized that the affidavit requirement interposes an orderly procedure whereby a neutral and detached magistrate can make an informed and deliberate determination on the issue of probable cause.

The affidavit here was conclusory, completely perfunctory in nature and furnished the magistrate no factual basis upon which he could exercise an independent judgment as to whether probable cause existed for the issuance of a search warrant, and, therefore, standing alone, it must be held insufficient to support the warrant.

The officer who obtained the search warrant did make a sworn oral statement before the magistrate prior to the issuance of the warrant. The officer's testimony on this score upon appellant's motion to suppress revealed he advised the magistrate of the basis for the statement contained in his affidavit, namely, that he observed a substance on the shoes and pant cuffs of the occupants of the automobile which material appeared similar to that discovered in the burglarized premises and further that Officer Hindman had identified a box in plain view in the automobile as one coming from those premises. However, this sworn oral statement was not reduced to writing before the magistrate and in fact has never been "recorded before the magistrate" as indicated by 62-1830.

We have had no occasion to interpret this statute where there has been a complete failure to record before the magistrate oral testimony offered as probable cause for the issuance of a warrant. Inasmuch as the oral testimony was sworn to and would amply constitute probable cause, the point at issue becomes one of statutory construction rather than of constitutional compliance. The statute has since been amended (Laws 1970, Chap. 129, § 22-2502)

and in view of the fact we believe the legality of the search and seizure was proper upon a ground other than the authority of the search warrant, the import of the failure to comply fully with the recording proviso of the statute need not be determined.

The search and seizure may not be upheld as incident to appellant's arrest. Appellant was arrested for vagrancy at the time he was an occupant of the vehicle. When subsequently arrested for burglary he was in police custody away from the vehicle, which was not searched until several hours after the burglary arrest (see *Preston v. United States,* 376 U. S. 364, 11 L. Ed. 2d 777, 84 S. Ct. 881 [1964]).

Agreeable to our constitutions, search may in several instances be legally made without a warrant. It has long been established that automobiles, because of their mobility, may be searched without a warrant upon facts not justifying a warrantless search of a house or other building (*Carroll v. United States,* 267 U. S. 132, 69 L. Ed. 543, 45 S. Ct. 280 [1925]). However, the officer making the search must have probable or reasonable cause to believe he will find evidence pertaining to a crime before beginning the warrantless search.

In *State v. Robinson,* 203 Kan. 304, 454 P. 2d 527, we stated:

"The authority to search an automobile is not necessarily conditioned upon obtaining a search warrant or upon the right to arrest. It may be dependent on reasonable cause which an officer has for belief that contents of the vehicle offend against the law." ( Syl. ¶ 2.)

In the case at bar the police did not act improperly in escorting the vehicle off the streets to the police station nor in parking it there while the driver and the other occupants were in custody. Prior to the search, the searching officer had seen in the vehicle evidence pertinent to the burglary—the box identified as coming from the lodge. The officer committed no trespass in shining a light into the vehicle nor in observing that which was in plain view to be seen. This act alone did not constitute a search and was not illegal. In *State v. Blood,* 190 Kan. 812, 378 P. 2d 548, we pointed out:

"It has been held that the eye cannot commit a trespass condemned by the Fourth Amendment. [Citations] Observation of that which is in plain view is not a search." (p. 819.)

A search implies prying into hidden places for that which is concealed and it is not a search to observe that which is in open view.

Looking into a parked car through the windows does not constitute a search, even though it is nighttime and the items can be seen only with the aid of a flashlight (*The People v. Exum*, 382 Ill. 204, 47 N. E. 2d 56).

In *Harris v. United States*, 390 U. S. 234, 19 L. Ed. 2d 1067, 88 S. Ct. 992 (1968), the court stated:

"It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." (p. 236.)

The plain view of the purloined box constituted probable or reasonable cause to search the vehicle for stolen property as well as instrumentalities of the burglary and the subsequent seizure of the challenged items did not unlawfully or unconstitutionally invade appellants right (see *United States v. Maroney*, 281 F. Supp. 96 [1968], aff'd in *United States ex rel. Chambers v. Maroney*, 408 F. 2d 1186 [1969, CA 3], aff'd in *Chambers v. Maroney*, 396 U. S. 900, 26 L. Ed. 2d 419, 90 S. Ct. 1975 [1970], upholding a robbery conviction where a vehicle was seized in the middle of the night and search at the police station without a warrant some time after the arrest of the occupants).

We do not believe the fact the officers had adequate time to procure a valid search warrant (and did in good faith attempt to) vitiated the reasonableness of the search and seizure made. When they entered the automobile they were not embarking on a fishing expedition. Alert police action had already revealed what was there. Our constitutions neither forbid a search and seizure nor require a warrant—they forbid an unreasonable search and seizure and we are not inclined to excise the term *unreasonable* as used in them. We believe the officers had a continuing right of seizure of law-offending items known to be in the vehicle, so long as the vehicle remained properly in their custody (*Chambers v. Maroney*, supra).

The judgment is affirmed.

APPROVED BY THE COURT.