No. 45,920

STATE OF KANSAS, *Appellee*, v. EDWARD J. "EDDIE" McCLAIN, a/k/a
BUSTER McCLAIN and a/k/a BUSTER McCLAIRSON, *Appellant*.

(479 P. 2d 907)

Opinion filed January 23, 1971.

P. A. *Townsend*, of Topeka, argued the cause and was on the brief for the
appellant.

*Harland K. Rieger*, assistant county attorney, argued the cause, and *Kent
Frizzell*, attorney general, and *Gene M. Olander*, county attorney, were with
him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Edward J. "Eddie" McClain was convicted by a
jury of the offense of robbery in the first degree. Sentenced under
the habitual criminal act, he now appeals.

Briefly, evidence for the prosecution revealed the following:
About 9:20 a. m. on January 29, 1969, three men entered the office
of McEntire Brothers, Inc., a mattress and bedding company at 400
Jefferson street in Topeka. One man remained in the front part of
the building. The other two went to the counter in the rear, first
inquiring about a mattress, then producing revolvers and announc-
ing a holdup. Mrs. McEntire, bookkeeper and wife of one of the
owners of the company, identified appellant as one of these two.
The bandits forced the three employees present to lie on the floor
face down. One of them struck Mrs. McEntire when she raised up.
They then took currency from a desk and a change box and a large
paper sack from an unlocked safe. The sack contained a savings
bond, some envelopes and a coin collection. The men left, going
east toward the Santa Fe depot.

About one hour later two police officers, who had received notice

of the robbery, saw a blue Ford automobile, bearing a Missouri license tag, parked in the Santa Fe parking lot near the McEntire plant. Although a heavy snowfall had occurred that morning, the vehicle had no snow upon it, and its motor was warm. Looking through the windows, the officers observed on the back seat coin collection books, a large brown bag, and an envelope with the name "McEntire" upon it; on the floor behind the seat they saw a small open money box full of silver. The officers made no search of the vehicle but called Mrs. McEntire to view it. She identified the coin collection, change box and the envelope as articles taken in the robbery about an hour before. The officers then had the automobile towed to the impounding area of the Topeka police department, obtained a search warrant for it and made a thorough search. In addition to the articles mentioned the officers seized a billfold from the glove compartment of the vehicle bearing the initials "E. M." Inside it were a business card of McEntire Brothers, Inc., and several pieces of paper bearing names and addresses. A girl whose typewritten name and address appeared on one of the slips of paper identified the slip as one she had given to appellant on January 14, 1969. Another girl identified a similar piece of paper containing her name and address as one upon which she had written and had given to appellant either on January 19 or January 26, 1969.

Another witness testified that around 1:45 a. m. on January 29, 1969, appellant and another individual came to the home of the witness in a blue Ford automobile bearing Missouri tags, and that appellant stayed all night at this home. When the witness arose about 10:00 a. m. appellant had already left. The witness, while an inmate of the Kansas penitentiary, had made the billfold in question as a present for appellant's sister, Evelyn McClain.

Appellant served notice of alibi and in support thereof a girl friend testified that on January 29, 1969, appellant was with her at her home in Topeka from about 3:30 a. m. to about 11:45 a. m. Appellant testified to the same effect, denying he had been at the McEntire place of business; he had lost the billfold in question on January 21 and did not know how it and the items purloined from McEntires came to be in the unidentified blue Ford.

Appellant first argues the prosecution's evidence was insufficient to convict him and that the jury's verdict was contrary to the evidence. He makes much of the fact two of the McEntire employees were unable to identify him as a participant in the holdup. This

failure hardly exonerates him as these two, when their attention was drawn to the robbers, were compelled immediately to lie face down on the floor. On the other hand, Mrs. McEntire conversed with appellant and had opportunity to view him and she positively identified him as one of the persons displaying a revolver and the one who told her to lie on the floor. Appellant also argues that Mrs. McEntire upon viewing several photographs including one of appellant, failed to identify him. Appellant misconstrues her testimony. She stated she had been "pretty sure" but not positive as to appellant's photograph being that of one of the robbers and, later, that to her appellant did not look exactly like his picture.

Appellant also would dismiss the incriminating evidence linking him to the billfold, but this evaluation was strictly jury work. His contention the verdict is contrary to the evidence is based on his assertion the testimony of his alibi witness was uncontradicted. This testimony was in fact completely contradicted by the prosecution witness who testified appellant had spent the night with him and by Mrs. McEntire's eyewitness statement that appellant was one of the robbers. The evidence amply supported the conviction.

Appellant complains the trial court erred in admitting Mrs. McEntire's identification of appellant because of unfair procedure employed at a lineup, relying on the *Wade-Gilbert-Stovall* rules. Appellant particularly emphasizes the witness's lack of complete certainty at the time of viewing the photographs, arguing their use must have been unnecessarily suggestive. The facts do not justify the complaint. Appellant did appear in a pretrial lineup at which he was identified by Mrs. McEntire as one of the robbers. This occurred about two and one-half weeks after she had identified his picture from a group of photographs. Appellant had counsel at the lineup. At trial, when objection was made to Mrs. McEntire's testimony, the trial court held a separate hearing out of the presence of the jury on the issue. Mrs. McEntire testified she was making her trial identification upon appellant's appearance at the time of the robbery as a participant therein and not from the photographs, and that the same was true as to her lineup identification. Thus it affirmatively appears her in-court identification came from a source independent either of her viewing of appellant or his photograph. The lineup and the photo viewing appear to have been fairly conducted. There was no showing either was unnecessarily suggestive or that Mrs. McEntire's identification was in any way

tainted by an invalid confrontation as denounced by the rules relied upon by appellant. We see nothing respecting the lineup identification which was prejudicial to appellant and must hold his constitutional rights were not in any way infringed.

Appellant complains generally of an illegal search and seizure in the removal of the items from the blue Ford automobile. Although he disclaims any connection with or knowledge of this vehicle and the state questions his standing to complain, a complete answer to the contention of illegal search is that probable cause existed for the officers to procure a search warrant, or even to have made an on-the-spot warrantless search (see *State v. McMillin*, 206 Kan. 3, 476 P. 2d 612). The regularity of the search warrant is not in anywise challenged. The complaint here seems bottomed more on the fact appellant testified he had no connection with the vehicle or its contents but credible evidence offered by the state indicated otherwise.

We have considered other matters raised by appellant, including the fact one juror momentarily took notes until stopped by the trial judge and that another was seen to nod, but find nothing approaching reversible error.

The judgment is affirmed.

APPROVED BY THE COURT.