THE STATE OF KANSAS, *Appellant,* v. OLAN E. KARNEY, *Appellee,*

and

No. 46,043

THE STATE OF KANSAS, *Appellee,* v. OLAN E. KARNEY, *Appellant.*

(494 P. 2d 1204)

678

Opinion filed March 4, 1972.

*Larry D. Kirby,* Deputy County Attorney, argued the cause, and *Vern Miller,* Attorney General, *Keith Sanborn,* County Attorney, and *R. K. Hollingsworth,* Deputy County Attorney, were on the brief for the appellant-appellee.

*Russell Shultz,* of Wichita, argued the cause, and *Leonard R. Watkins, Jr.,* of El Dorado, was with him on the brief for the appellee-appellant.

The opinion of the court was delivered by

OWSLEY, J.: This is a criminal action instituted by the State of Kansas. Defendant, Olan E. Karney, was tried before a jury in the District Court of Sedgwick County on a five count information: Count One, larceny; Count Two, buying or receiving stolen property; Count Three, possession of burglary tools; Count Four, possession of a firearm after a felony conviction; Count Five, larceny. He was convicted on all Counts except Count Two.

On the night of July 12 or 13, 1969, the Dodge City Junior High School was burglarized. Several items of property were stolen: two air conditioners, an IBM typewriter, six cheerleader uniforms, and a radio. On that same night the State Highway Commission Subdistrict Shops at Cimarron, Kansas, were also burglarized. An air conditioner was taken from this location. Dodge City is in Ford County and Cimarron is in Gray County.

Olan and Corine Karney, the defendant and his wife, were seen in Dodge City, Kansas, at approximately 4:30 a. m. on July 13, 1969, by two Dodge City police officers. The defendant drove a white 1967 Ford.

A few hours later, at 9:00 a. m., the defendant and his wife went to the residence of Alvin and Ruth Crowe in Wichita, Kansas. Mr. and Mrs. Crowe accompanied the defendant and his wife to the Crowe-Bar Lounge in Wichita, which was owned and operated by Mrs. Crowe. At that time the defendant was still driving the

white 1967 Ford. Three air conditioners and a radio were taken from the defendant's car into the lounge. Mrs. Crowe also saw an IBM typewriter in the trunk of the defendant's car. These items of property were stolen property from the Dodge City and Cimarron burglaries. Later that day a search of the lounge was conducted by sheriff's officers with the permission of Mrs. Crowe and those items were then seized.

In the evening of that same day, Sheriff Miller and KBI Special Agent Jess Gragg stopped the defendant in the white 1967 Ford in Wichita. At that time Sheriff Miller noticed several items in plain view in the rear portion of the passenger area of defendant's car. Sheriff Miller also asked for consent to search the trunk of the car. Defendant consented and there Sheriff Miller found an IBM typewriter. The serial number was noted to be the same as that of the stolen typewriter. Sheriff Miller then drove the defendant's car to the sheriff's compound at the county courthouse and instructed officers there to seize the items of property in the car.

Sheriff Miller returned to the defendant's apartment. With the consent of Mrs. Karney the apartment was searched and a .38 Colt revolver was found under a bureau of drawers in the defendant's bedroom.

In their original form as entered against the defendant, Counts One and Five of the information charged a burglary under K. S. A. 21-520 and a larceny under K. S. A. 21-524. Burglary and larceny under these statutes are separate and distinct offenses. (*State v. Finley*, 208 Kan. 49, 490 P. 2d 630.) Defendant moved to quash Counts One and Five in their entirety contending that venue for the burglary charges could lie only in the county where the offense was committed and not in another county where the stolen property had been taken. The court entered a journal entry which sustained the motion to quash "as to the burglary aspect of the charge." Defendant's first contention of error on appeal is that it was error to try him on Counts One and Five since they were quashed in their entirety.

K. S. A. 62-401 states:

"Offenses committed against the laws of this state shall be punished in the county in which the offense is committed, except as may be otherwise provided by law."

· Venue of an offense is jurisdictional as stated in *State v. Fields*, 182 Kan. 180, 318 P. 2d 1018, at page 184:

"Under the provisions of G. S. 1949, 62-401 the venue of an offense is jurisdictional and it must be proved to establish the jurisdiction of the court (*Hagan v. The State*, 4 Kan. 75 [2nd Ed.].) but by the great weight of authority it is not necessary to prove this fact by specific question and answer. It may be established by other competent evidence that the offense was committed in the jurisdiction of the court. . . ."

K. S. A. 62-407, another statute in effect at the time this crime was committed, states:

"When property taken in one county by burglary, robbery, larceny or embezzlement has been brought into another county, the jurisdiction is in either county."

The meaning of this statute is that an offender may be charged, tried, and convicted for one of these crimes in a county into which he takes stolen property in the same manner as if the crime had been committed in that county. This construction has been accepted by this court when applying this statute and its predecessors. (*State v. Lyon*, 203 Kan. 78, 452 P. 2d 838.) We hold that it was error for the trial court to sustain the motion to quash the burglary charges in Counts One and Five of the information.

We approve the joinder in one information of larceny and receiving stolen property. Defendant claims burglary and receiving stolen property cannot be joined, but burglary was stricken from the information. (*State v. Fields*, 70 Kan. 391, 78 Pac. 833.) Further, the jury acquitted defendant of Count Two on proper instructions that they could convict of either larceny (Count One) or receiving stolen property (Count Two) but not both.

Defendant alleges it was error to refuse to require an officer to furnish his official report which he had used to refresh his memory to defendant's counsel during cross-examination. Defendant cites *State v. Oswald*, 197 Kan. 251, 417 P. 2d 261, which held:

"Generally the opposing party or counsel has the right, on proper demand, to inspect, and use for purposes of cross examination any paper or memorandum which is used by a witness while on the stand for the purpose of refreshing his memory upon matters as to which he is testifying. (Citing case.)" (p. 262.)

We are inclined to agree with defendant that he was entitled to inspect the report. Appellee claims, however, that the trial court's denial of defendant's request for inspection did not prejudice the rights of the defendant. Appellee argues that the officer testified from notes as to his observations of defendant on the night in question; namely, the year and make of defendant's car, who

was with the defendant, the license number of the vehicle, the dress of defendant and his companion, and where the defendant and his wife ate. He further argues that in view of the routine nature of the facts related by the officer it did not result in prejudice and the defendant did not suggest any manner in which he was prejudiced. We believe appellee's argument is sound, particularly in view of the convincing evidence of guilt otherwise disclosed by the record.

Defendant also challenges the admission of various exhibits of the state in evidence.

First, photographs of the Dodge City burglary scene which contained writing upon them were admitted. Defendant alleges that the writing constituted hearsay. In this case the information in the writing was already in evidence through prior testimony of the photographer. When viewed in the light of the entire record no prejudice can be seen from the admission of this evidence. (State v. Green, 192 Kan. 451, 388 P. 2d 657.)

Second, a challenge is made as to the admission of a serial number tag found in the Crowe-Bar Lounge with the stolen property. At trial an objection was made that it was illegally obtained. On appeal it is argued that the tag was improperly identified by the officer who testified in court. Neither objection is sustainable since the objection to admissibility of evidence on appeal must be made on the same grounds as the objection made at trial. (Thornton v. Bench, 188 Kan. 89, 360 P. 2d 1065; Townsend, Administrator v. Jones, 183 Kan. 543, 331 P. 2d 890.)

Third, objection is made as to the admission of the registration certificate of the white 1967 Ford owned by Olan Karney. The document was certified by the custodian of records in the county. No right of confrontation of witnesses in court has been denied, as defendant contends, because the document is not a witness. (State v. Johnson, 204 Kan. 62, 460 P. 2d 505.) The constitutional right of confrontation is not violated by the admission of an authenticated copy of a public record or document.

Fourth, copies of the journal entry, information, commitment papers, photographs and fingerprints, which were the official state records of the conviction of defendant for crimes of burglary and larceny in Stanton County, Kansas, in 1959, were allegedly admitted in violation of the right to confrontation. As has been pointed out, no right of confrontation exists as to the admission of properly authenticated public documents or copies thereof.

Fifth, defendant claims there was insufficient evidence to connect the .38 Colt revolver and cartridges with him as owner. Unlawful possession may be proved by circumstantial evidence inconsistent with any reasonable conclusion or hypothesis other than guilt. (Bailey v. U. S., 410 F. 2d 1209 [1969].) The gun was obtained in a search made with defendant's wife's permission so it was not illegally obtained. That was the objection made at trial. Having objected on this ground, he cannot raise additional grounds for objecting on appeal.

Sixth, a challenge is made as to the legality of the seizure of evidence when Sheriff Miller stopped defendant's automobile and searched it. Sheriff Miller looked into the rear passenger area and defendant alleges this was an unreasonable search in violation of the Fourth Amendment to the United States Constitution. We cannot agree. In *State v. Frizzell*, 207 Kan. 393, 485 P. 2d 160, it is held that looking through the window of an automobile by a law enforcement officer legally in a position to view evidence does not constitute a search. It is not a search even though it is night-time and the objects seized are seen in the light of a flashlight. *(State v. McMillin*, 206 Kan. 3, 476 P. 2d 612.)

No merit can be found in the argument that the state failed to prove the essential elements of the crimes charged in Counts One, Three, Four, and Five of the information.

As to Counts One and Five, defendant contends there was insufficient evidence to convict him of a burglary. The contention of insufficient proof to sustain a burglary conviction is wholly incorrect as defendant was convicted of larceny. Nonetheless, it was permissible for the state to introduce evidence of commission of a burglary where defendant was tried for larceny in connection with a burglary.

As to Count Three, there was evidence presented which was sufficient to sustain proof of burglarious intent concurrent with possession of the burglary tools. Intent is inferred by concealment of the tools on one's person, in his clothing, carrying them in his car instead of storing them in a shop, or from resistance to arrest. *(State v. Hart*, 200 Kan. 153, 434 P. 2d 999.) Intent may also be shown by proof that defendant was guilty of recent burglaries or that he had the fruits of a recent burglary in possession. Intent is provable by admission of prior convictions of defendant for burglary and larceny. *(State v. Caldrone*, 202 Kan. 651, 451 P. 2d

205.) The state introduced voluminous evidence which was sufficient on all points above.

As to Count Four, we have previously covered the sufficiency of evidence to sustain a conviction.

Defendant's final contention in this appeal is that he was improperly sentenced under the Habitual Criminal Act. *State v. Ware,* 201 Kan. 563, 442 P. 2d 9, sets forth the rule proscribing the use of a prior felony conviction for sentencing under the act if it has once been used to prove a necessary element of a charge of possession of a firearm by a convicted felon. This contention would be correct if defendant were sentenced as a habitual criminal under Count Four, but he was not.

The prior conviction was not introduced to prove a material element of the crimes charged in Counts One, Three, and Five of the information. It was these Counts upon which defendant was sentenced as a habitual criminal. It was introduced pursuant to K. S. A. 60-455 to show some other material fact such as motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. When a prior conviction is used in this manner, it may also be used to invoke the Habitual Criminal Act.

Careful consideration has been given to all the issues raised in this appeal and we discern no error.

The judgment in Case No. 45,867 is reversed and the judgment in Case No. 46,043 is affirmed.