No. 48,624

STATE OF KANSAS, *Appellee,* v. JAMES JOHNSON, *Appellant.*

(573 P.2d 595)

Opinion filed December 10, 1977.

*N. Trip Shawver,* of Wichita, argued the cause and was on the brief for the appellant.

*James L. Linn,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Vern Miller,* district attorney, and *Sharon Werner,* assistant district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Defendant appeals from convictions of the crimes of aggravated robbery (K.S.A. 21-3427) and felony possession of a firearm (K.S.A. 21-4204). The sufficiency of the evidence to sustain these convictions is being questioned.

On the night of May 29, 1975, Clifford Koester was alone in his liquor store when a man with a handgun entered and demanded the money in the cash register. Mr. Koester put approximately $136.00 in a brown paper bag, the special size used for quart whiskey bottles. Among the bills were one ten dollar bill, one five dollar bill and a one dollar bill, all previously marked by a long red mark in the white margin. The serial numbers of these bills had been recorded.

After the man departed with the money Mr. Koester called the police. When they arrived he gave them a description of the man and of the property taken. A patrolman on duty, Steve Trainer, received a report of the robbery at 9:50. At 9:51 he noticed the vehicle defendant was driving. The defendant's vehicle turned south behind the officer's marked car. The car then turned west. This aroused the officer's suspicions and he turned west at the next street then doubled back north one block. At this point he saw defendant's car pass in front of him. He fell in behind it, heading west. Officer Trainer noticed that the four occupants of the car were acting in a suspicious manner, moving around in the car. He turned on his red light and siren. The defendant drove on and ignored the siren. A chase ensued at speeds up to 60 m.p.h. The vehicle finally stopped in a driveway and the doors swung open. Officer Trainer arrived and advised the occupants to get out of the car. He placed the men across the hood in a "frisk" position and called for a backup. At that point one of the men, Mather L. Davison, fled on foot. He was later apprehended.

The officer saw a semi-automatic pistol on the floorboard under the driver's seat. A revolver was lying on the front passenger's seat. A brown paper sack with money was seen on the floorboard on the passenger's side. Officer Salmans took the defendant into custody and confiscated seven .22 caliber shells from the defendant's pocket.

Katchis, a detective with the Wichita Police Department, testified at the trial that he processed the vehicle at the location at 10:14 p.m. He took a semi-automatic pistol and clip from the floorboard on the driver's side. A revolver was taken from the front seat on the passenger's side. He removed the paper sack and its contents. The three marked bills whose serial numbers had been recorded were in the sack.

Defendant Johnson and his co-defendant, Davison, were not identified by Mr. Koester in a line-up. Defendants neither testified nor presented evidence at the trial. Davison was acquitted. Johnson was convicted and has appealed.

We have reviewed the evidence under the rules governing appellate review as set forth in *State v. Soverns,* 215 Kan. 775, 529 P.2d 181, and *State v. Duncan,* 221 Kan. 714, 562 P.2d 84, and it was sufficient to withstand a motion for acquittal and a motion for

directed verdict. There was sufficient evidence to allow the charges to go to the jury. Circumstantial evidence can sustain a conviction of even the gravest offense. See *State v. Johnson,* 220 Kan. 720, 556 P.2d 168, and cases cited therein. Here there was appellant's presence in the area, flight, and his possession and control of the car in which the sack, marked money and guns were found.

Appellant next contends his motion to suppress the sack, money and guns was improperly overruled in that the search and seizure were not based upon probable cause.

If the findings of the trial court on a motion to suppress evidence are based upon substantial evidence this court on review will not substitute its view of the evidence for that of the trial court. *(State v. Youngblood,* 220 Kan. 782, Syl. 2, 556 P.2d 195.)

As to probable cause—Officer Trainer received a report of the robbery while in the area; shortly thereafter he viewed the evasive action of the defendant; he saw the suspicious actions of the occupants of the car; and when his red light and siren were activated a chase ensued. When the car was stopped one of the occupants, Davison, fled on foot. The doors of the car were open. By use of a flashlight the officer saw the two guns and the paper sack associated with the liquor store robbery. These were in plain view. The officer had a right to stop the car under the circumstances known to him at the time, and the objects which he reasonably associated with the liquor store robbery were in plain view and could be seized. See *State v. Frizzell,* 207 Kan. 393, 398, 485 P.2d 160, and *State v. Karney,* 208 Kan. 677, Syl. 6, 494 P.2d 1204. Probable cause to justify a search and seizure is defined in *State v. Morin,* 217 Kan. 646, Syl. 1, 538 P.2d 684. Exigent circumstances were present under the guidelines of *State v. Hays,* 221 Kan. 126, 557 P.2d 1275, and *Chambers v. Maroney,* 399 U.S. 42, 26 L.Ed.2d 419, 90 S.Ct. 1975, reh. den. 400 U.S. 856, 27 L.Ed.2d 94, 91 S.Ct. 23.

The next point raised by defendant is that the forms of the verdicts were not neutral in character and therefore prejudiced the accused's rights. The verdict forms read:

"We, the Jury, impaneled and sworn in the above entitled case, do upon our oaths find:

"(1) The defendant Johnson _____ guilty of Aggravated Robbery as charged in Count One of the Information.

"(2) The defendant Johnson _____ guilty of Unlawful Possession of a Firearm as charged in Count Two of the Information."

Under each verdict form was a signature line on which the foreman of the jury signed his name.

The jury was instructed to write "not" on the blank if they found him not guilty of the charge and to leave it blank if they found him guilty. Defense counsel did not see the verdict forms before they were presented to the jury but he objected to the forms immediately after the jury retired. The objection was overruled. Appellant cites no law to support his argument but contends a finding of not guilty in this case required an affirmative act by the jury which prejudiced the appellant's rights. He further argues the appellant was thereby denied a presumption of innocence and points out that PIK (Criminal) 68.08 provides separate options for the jury. The verdict forms did not follow those recommended in PIK (Criminal) at 68.08.

A similar contention was rejected in *Hodison v. Rogers,* 137 Kan. 950, 22 P.2d 491, 88 A.L.R. 1080, where the court found no prejudice resulted. At least three other courts have rejected this argument on the exact type of verdict form used here. *(Hines v. United States,* 131 F.2d 971 [10th Cir. 1942]; *McKenna v. United States,* 232 F.2d 431 [8th Cir. 1956]; *Jackson v. State,* 237 Ga. 663, 229 S.E.2d 345 [1976].) The reason for rejecting the argument is that if the trial judge instructs the jury on the presumption of innocence, the burden of proof and the use of the forms the jury will not be misled.

It cannot be presumed the present jury lacked sufficient intelligence to enter "not" in the blanks appearing in the verdict forms. The court did instruct on the presumption of innocence and burden of proof, and it clearly instructed the jury as to the use of the forms. In the case of the codefendant the jury inserted the word "not" in the blank and Davison was found not guilty. This clearly indicates that the jury understood how to use the forms of verdict furnished by the court. We find no error in the use of these particular forms but recommend the forms suggested in PIK (Criminal) 68.08 be used to forestall similar arguments in the future.

The foregoing discussion disposes of all points briefed and argued on appellant's conviction of the crime of aggravated robbery. The judgment and the sentence of fifteen years to life entered thereon are affirmed.

We turn now to the points bearing upon appellant's conviction of felony possession of a firearm (K.S.A. 21-4204). The argument on these points is directed toward an amendment of the information. Amendment was permitted after defendant's closing argument but before the jury began deliberations.

As previously mentioned appellant was in possession of and was driving the car. The arresting officer discovered two handguns in the car. One was a .32 caliber revolver lying on the front passenger seat from which another person had exited. The other was a .22 caliber semi-automatic pistol lying on the floorboard under the seat occupied by appellant. When appellant was searched the officer found a quantity of .22 caliber ammunition in appellant's pocket.

In the original information the appellant was charged with possession of "a small caliber revolver". In the closing argument appellant contended that since the small caliber revolver was found on the passenger's seat occupied by another person, and since the .22 caliber ammunition taken from his pocket did not fit the revolver, the evidence introduced by the state failed to establish his possession of the .32 caliber revolver. He further pointed out that the other handgun found in the car was not a revolver. It was a semi-automatic pistol and under the information he was not charged with and could not be found guilty of possession of that handgun.

After this closing argument the state moved to amend the charge to cover possession of "a small caliber pistol". Permission to amend was granted. The amendment was made over the strenuous objection of the appellant because of prejudice claimed. He argued below and here on appeal that he was stripped of his defense because he had defended against possession of the .32 caliber revolver; and he waived preliminary hearing on the charge and made certain elections during trial on the premise that he was charged with and must defend against possession of the revolver. One such election was a waiver of cross-examination of the officer who removed the .22 caliber bullets from his pocket. He states it was readily apparent to the jury without cross-examination that the .22 caliber bullets found in his pocket were not connected with possession of the .32 caliber revolver. However, after the amendment was permitted

appellant's defense to the original charge was destroyed. He further states that the amendment had the effect of permitting the jury to find him guilty of possession of either or both guns.

The statute states:

"(4)   The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced." (K.S.A. 22-3201[4].)

The state argues that no additional or different crime was charged by reason of the amendment. We agree. However, this is not the sole consideration expressed in the statute. In permitting an amendment of an information under K.S.A. 22-3201(4) it is also necessary that the substantial rights of the defendant be not prejudiced.

This court has approved the action of a trial court permitting an amendment to an information even after the case has gone to the jury but before a verdict. See *State v. Hill,* 211 Kan. 239, 505 P.2d 704. An amendment to accord with the evidence presented has also been held proper. See *State v. Lamb,* 215 Kan. 795, 530 P.2d 20. A factor to be considered, bearing upon prejudice to the substantial rights of the defendant, is whether the amendment came as a surprise to the defendant. *(State v. Hill,* supra.) Other cases permitting amendment are: *State v. Rives,* 220 Kan. 141, 551 P.2d 788, where an amendment of the charge of taking property "from the person of" was changed to taking property "from the presence of"; and *State v. Ferguson,* 221 Kan. 103, 558 P.2d 1092, where an amendment changing the date the crime was alleged to have been committed was held proper. The date in such case was not critical because an alibi defense was not raised.

In *State v. Osburn,* 216 Kan. 638, 533 P.2d 1229, the court says:

"The decisions of this court support the rule that prior to the commencement of the trial the prosecutor should be given a wide discretion in amending the original information.   .   .   .   Our cases distinguish between amendments before trial and those which are made during the course of the trial. (*State v. Eye,* 161 Kan. 69, 166 P.2d 572.) In permitting the state to amend an information the courts have been careful to protect the rights of the defendant so that his defense will not be prejudiced by the amendment.   .   .   ." (p. 641.)

As a general rule unnecessary allegations in an information, such as the caliber of a pistol used in a robbery, are surplusage and failure to prove the caliber of a pistol does not constitute a fatal defect. See *State v. Lee,* 197 Kan. 463, Syl. 4, 419 P.2d 927,

cert. den. 386 U.S. 925, 17 L.Ed.2d 797, 87 S.Ct. 900, reh. den. 386 U.S. 978, 18 L.Ed.2d 142, 87 S.Ct. 1170. However, in the present case appellant was charged with possession of a particular handgun and there were two different handguns in the car he was driving. In this case the particular description of the gun and its location became important to the defense.

After reviewing the cases, examining the factors to be considered in determining whether prejudice resulted and considering the posture of the case when the amendment was permitted we hold the substantial rights of the defendant to make his defense were prejudiced.

Accordingly the judgment and sentence of appellant on the charge of felony possession of a firearm under K.S.A. 21-4204 are reversed and the case is remanded for a new trial on said charge. The judgment and sentence of appellant on the charge of aggravated robbery under K.S.A. 21-3427 are affirmed.