(575 P.2d 571)
No. 48,768

STATE OF KANSAS, *Appellee*, v. DOUGLAS C. STITZEL, *Appellant.*

Opinion filed February 24, 1978.

W. *Irving Shaw,* of Krueger and Shaw, of Emporia, for the appellant.

*Philip E. Winter,* assistant county attorney, *Curt T. Schneider,* attorney general, and *Michael E. Patton,* county attorney, for the appellee.

Before FOTH, C.J., ABBOTT and PARKS, JJ.

FOTH, C.J.: This is an appeal from a conviction for felony possession of marijuana in violation of K.S.A. 1977 Supp. 65-4127b(*a*)(3). The controlling issue is whether the marijuana introduced into evidence was the product of an illegal search and seizure.

The appellant was a passenger in an automobile stopped for a traffic violation. The Emporia police officer who made the stop testified that at approximately 9:40 p.m. he observed a vehicle spin its tires as it accelerated rapidly from a stoplight. The officer pursued the vehicle and signaled the driver to stop. The driver pulled over immediately, got out of his car, and walked back toward the patrol car. The officer and the driver met between the two cars and the officer explained why he had stopped the vehicle. As they talked the officer noticed the smell of alcohol on the driver's breath and asked him if he had any beer in the car.

The driver said he did not and in response to the officer's request consented to a search of the car.

The officer began by looking through the driver's side of the car. At that time, he noticed the defendant sitting on the passenger's side. The officer testified that the defendant was sitting bent over with his legs close together so that it appeared he was covering something. After the officer looked through the front and back seats on the driver's side, he asked the defendant to get out of the car. Defendant got out on the passenger's side and stood about ten feet from the car. The officer went around the car and looked through the passenger's side. As he completed the search, the officer noticed that defendant was holding his arms tightly against his body. He asked defendant what he had under his coat and the appellant said, "Nothing." Still ostensibly looking for an open beer container the officer asked defendant if he would take his arms away from his body. Defendant lifted his arms and two bags containing what was later identified as marijuana fell out. Defendant was thereupon arrested and taken to the patrol car. The officer then went back, talked briefly with the driver, and looked through the car again. When he returned to the patrol car he found two more bags on the ground near the place where the appellant was sitting.

The state filed a complaint against defendant for felony possession of marijuana. A preliminary hearing was held at which defendant moved to suppress the marijuana. The judge found that the marijuana was the product of an illegal search and ordered that it be suppressed. Without that evidence, he found that there was no showing of probable cause and ordered that defendant be released. The state did not appeal the suppression order but rather refiled the case some 64 days later. The defendant again filed motions to suppress the evidence and to dismiss, based on the ground that the legality of the search had been previously litigated and that the determination was res judicata. At the second preliminary hearing, the court overruled the motions based on res judicata, reheard the state's evidence on the search, and ruled that the marijuana was admissible. Trial was subsequently held to the court and the defendant was found guilty. He was sentenced to a term of one to five years and fined $500, and now brings this appeal.

The trial court's order admitting the evidence was based on

findings that there was no "search" of defendant, or if there was he consented to it. We do not believe either is tenable.

By requiring the defendant to raise his arms the officer searched his underarm area as effectively as if he had put his hand under defendant's coat or had forcibly raised defendant's arms. In a number of cases, our court has referred to a search as prying into hidden places for that which is concealed. See, e.g., State v. Frizzell, 207 Kan. 393, 398, 485 P.2d 160; State v. Karney, 208 Kan. 677, 494 P.2d 1204. That is exactly what was accomplished here.

There is some argument by the state that it was not a search because the officer did not touch defendant to accomplish it. The argument is akin to the long discredited theory that a physical trespass into private premises is necessary before the Fourth Amendment comes into play. Katz v. United States, 389 U.S. 347, 19 L.Ed.2d 576, 88 S.Ct. 507 (1967); Silverman v. United States, 365 U.S. 505, 5 L.Ed.2d 734, 81 S.Ct. 679 (1961). In Terry v. Ohio, 392 U.S. 1, 20 L.Ed.2d 889, 88 S.Ct. 1868 (1968), the Supreme Court made it clear that the Fourth Amendment also governs police activities with respect to persons that stop short of full arrests and searches. Even where there is minimal intrusion on personal security, the Fourth Amendment requires that the police act reasonably. Holding, in part, that a pat-down is a search, the court stated:

"In our view the sounder course is to recognize that the Fourth Amendment governs all intrusions by agents of the public upon personal security, and to make the scope of the particular intrusion, in light of all the exigencies of the case, a central element in the analysis of reasonableness. [Citations omitted.] This seems preferable to an approach which attributes too much significance to an overly technical definition of 'search' . . . ." (392 U.S. at 18, n. 15.)

Our legislature has codified the holdings in Terry and its companion case, Sibron v. New York, 392 U.S. 40, 20 L.Ed.2d 917, 88 S.Ct. 1889 (1968), in what is popularly called our "stop and frisk" law, K.S.A. 22-2402. That statute authorizes a pat-down for weapons of a person temporarily detained where the officer reasonably suspects his personal safety requires it. No serious claim is made by the state that the statute is applicable here. The officer's casual treatment of both occupants of the car was wholly inconsistent with any fear on his part.

Finally, it is argued that defendant "consented" to the search because he did not refuse the officer's request to raise his arms.

We do not believe the state sustained its burden of showing that the defendant freely and voluntarily consented to the search. *Bumper v. North Carolina*, 391 U.S. 543, 20 L.Ed.2d 797, 88 S.Ct. 1788 (1968); *Schneckloth v. Bustamonte*, 412 U.S. 218, 36 L.Ed.2d 854, 93 S.Ct. 2041 (1973). To begin with, the idea that a person would voluntarily expose incriminating matter which was carefully secreted on his person strikes us as facially implausible. The only testimony on this subject was the officer's, to the effect that he asked defendant to raise his arms, that defendant did so, and that if he hadn't the officer would have searched him anyway. The situation was inherently coercive, beginning with the request to get out of the car so the officer could continue his search of it. Defendant was faced with what was really an order, although couched in terms of a request.

The trial court observed that defendant could have refused the request. From the meager evidence on the subject it appears such a refusal would have been fruitless, and defendant was doubtless aware of that. The defendant must have realized, just as we do, that the officer was not really looking for beer cans or bottles under defendant's arms but had commenced a general exploratory search. At that point defendant merely bowed to the inevitable. Although we do not disturb findings of fact which are reasonable inferences from substantial evidence, here the trial court did not specifically find "consent," and under the circumstances we do not believe mere compliance with the officer's request could lead to a reasonable inference of a voluntary consent.

It follows that the marijuana was the product of an unreasonable search and seizure and was erroneously admitted at trial. We therefore need not consider whether the magistrate's conclusion to the same effect at the first preliminary hearing was res judicata.

Reversed.