No. 49,876

STATE OF KANSAS, *Appellee,* v. FREDERICK D. NICHOLSON, *Appellant.*

(590 P.2d 1069)

Opinion filed February 24, 1979.

*W. Irving Shaw,* of Krueger & Shaw, of Emporia, argued the cause and was on the brief for the appellant.

*Jay W. Vander Velde,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal in a criminal action from a jury verdict which found Frederick D. Nicholson (defendant-appellant) guilty of aggravated robbery (K.S.A. 21-3427).

On appeal he contends the trial court erred in admitting certain exhibits and testimony, and in refusing to suppress evidence seized after a search of his residence. He also challenges the sufficiency of the evidence.

On August 29, 1977, at approximately 10:15 p.m. an aggravated robbery occurred at the Derby Retail Gas Station on East 6th Avenue in Emporia, Kansas. Louis Aguilar, Jr., the operator of the station, testified that as he came from the back room to wait on a customer, he was grabbed from behind and pushed back inside the doorway. The robber then poked a cloth-covered weapon in Mr. Aguilar's stomach and demanded the cash box which contained approximately $100. Thereafter the robber ordered Mr. Aguilar to kneel and struck him on the head.

Mr. Aguilar was unable to positively identify his assailant

because he wore a nylon stocking over his face. He did describe the clothes worn by the robber, and he testified the robber was a black male with a build similar to the appellant's build.

During the robbery the customer at the station, Robert Evans, was standing by his automobile watching the events transpiring within. Mr. Evans positively identified the appellant as the perpetrator of the crime. He testified he had known the appellant for five years and was a friend. Suffice it to say the two had been together drinking the day of the robbery, and the appellant had allegedly indicated he had "something going down" later that night.

Apparently Mr. Evans drove to his sister-in-law's house and called the police. He reported the crime to Detective Steven Miltz of the Emporia Police Department, but he did not identify· the robber at that time.

The next day Mr. Evans again met the appellant at another drinking party where the appellant allegedly stated he had robbed the Derby station. Mr. Evans later met with the police and informed them who had committed the robbery.

The appellant was subsequently arrested several blocks from his home and charged with the crime. Upon searching his residence the officers discovered a metal toy pistol and pieces of nylon stocking wadded in the cabinet of an old radio.

Before his trial the appellant unsuccessfully moved to suppress the stockings and gun claiming an illegal search and seizure had occurred. Mr. Evans testified in great detail during the trial about his relationship with the appellant and eventually on cross-examination admitted he shared in the profits of the robbery. Thereafter on redirect Robert Evans invoked his Fifth Amendment rights. The appellant unsuccessfully moved to strike the testimony. The jury then returned a guilty verdict and the appellant has duly perfected this appeal.

The appellant first contends the trial court erred in its ruling relating to certain portions of testimony and exhibits admitted at the trial. Specifically he objects to the admission of Exhibit No. 2, a toy metal pistol, and Exhibit No. 3, nylon stockings. Both were found by detectives at the appellant's home stuffed inside the cabinet of an old radio.

Certain general rules are applicable to our discussion. The admissibility of physical evidence lies within the sound discre-

tion of the trial court and is to be determined on the basis of its relevance in connection with the accused and the crime charged. *State v. Nemechek,* 223 Kan. 766, 769, 576 P.2d 682 (1978); *State v. Smallwood,* 223 Kan. 320, Syl. ¶ 3, 574 P.2d 1361 (1978) and cases cited therein. See also *State v. Treadwell,* 223 Kan. 577, 579, 575 P.2d 550 (1978). Moreover, relevant evidence is defined under K.S.A. 60-401(*b*) as evidence having any tendency in reason to prove any material fact. The determination of relevancy is a matter of logic and experience, not a matter of law. *State v. Nemechek,* 223 Kan. at 769-770; see also *State v. Alderdice,* 221 Kan. 684, 689, 561 P.2d 845 (1977); *State v. Faulkner,* 220 Kan. 153, 155, 551 P.2d 1247 (1976). Furthermore, when a physical object is offered into evidence and a question arises as to its connection with either the defendant or the crime charged, unless it is clearly irrelevant, the object should be admitted for such weight and effect as the jury sees fit to give it. *State v. Boone,* 220 Kan. 771, Syl. ¶ 3, 556 P.2d 880 (1976). Discrepancies between where an object is found and where it was used bear upon the weight to be given the evidence rather than its admissibility. *State v. Brown,* 217 Kan. 595, 599, 538 P.2d 631 (1975).

The appellant contends the evidence should have been excluded by the judge under K.S.A. 60-445. This statute allows the judge the discretion to exclude evidence if he finds its probative value is substantially outweighed by the danger its admission will unfairly and harmfully surprise or prejudice the other party. However, the admission of the articles here came as no surprise to the appellant. See *State v. Winston,* 214 Kan. 525, 529, 520 P.2d 1204 (1974).

In the instant case the exhibits were found at the appellant's home in an unusual place and were the same type of items used as instruments of the robbery. Both the service station operator and the eye witness testified the robber's face was covered by nylon stockings and he appeared to be carrying a .38 caliber revolver. Thus, the relative connection of the evidence to the accused and the crime is well established. No error exists in the admission of the exhibits, and the trial court did not abuse the exercise of its discretion in admitting them.

The appellant also contends the trial court erred in allowing testimony relative to Exhibit No. 4 and in admitting the same. Specifically he objects to the chain of custody surrounding the

exhibit. Exhibit No. 4 consisted of pieces of nylon stocking found at the scene of the robbery.

The only witness to testify with respect to this particular exhibit was Detective Steven Miltz. He stated he received the piece of stocking from Reserve Officer George Thompson who picked it up and handed it to him. The defense objected on the basis this constituted hearsay from a witness who was not present.

As a general rule when objects of physical evidence have been kept in police custody the chain of possession must be reasonably complete but this rule may be relaxed when the object is positively identified at the trial and it is established the object remains unaltered. *State v. Treadwell,* 223 Kan. 577, Syl. ¶ 2; *State v. Crawford,* 223 Kan. 127, 128, 573 P.2d 982 (1977), *cert. denied* 435 U.S. 930 (1978); *State v. Hernandez,* 222 Kan. 175, 563 P.2d 474 (1977). The State's failure to produce other witnesses in its long chain of police custody need not be fatal. *State v. Treadwell,* 223 Kan. at 579.

In the case at bar the items were taken inside the service station by the reserve officer under the supervision of Detective Miltz. The detective was present when the items were recovered and properly identified them at the trial. The trial court correctly found Detective Miltz could testify as to what he saw in the station, and no error exists in the admission of Exhibit No. 4.

Next the appellant argues the trial court erred when it refused to strike the testimony of Robert Evans.

During his testimony on redirect, Robert Evans, the only eyewitness to the robbery, invoked the Fifth Amendment. He had previously admitted on cross-examination that he had received some of the proceeds from the robbery. Thereafter on re-cross he was again asked if he received proceeds from the appellant and if so, when, and he again invoked the Fifth Amendment. The appellant then unsuccessfully moved to strike the testimony. The Court ruled:

"It's the Court's impression of the law, that where the invocation of the Fifth Amendment by a witness does in fact inhibit or prohibit fundamental cross examination, that is sufficient and sound grounds to strike such witness' testimony. In this particular instance, the direct examination elicited from Mr. Evans, was as to the occurrences of August 29th, and I believe the 30th relating solely to the identity of the person robbing the Derby station. Extensive cross examination was afforded. The cross examination was concluded.

"It's my recollection it was the last two or three questions Mr. Shaw posed that raised this particular aspect of it. As I say, it took the Court by surprise, having been advised by the testimony of Mr. Evans, that he did not participate in any manner, nor receive any benefit from it, prior to that one question. Mr. Shaw concluded.

"When the State reopened it on redirect, this man had not been afforded immunity to my knowledge. It was, however, a collateral matter. I don't perceive [how], Mr. Nicholson has been endangered or his right of confrontation has been denied by Mr. Evans invoking his constitutional right under the Fifth Amendment. For those reasons, I'm going to overrule the objection and decline to strike any part of the testimony."

Both parties agree the only Kansas case dealing specifically with this area of the law is *State v. Montanez*, 215 Kan. 67, 523 P.2d 410 (1974). There we held:

"The ultimate test in each case in determining whether the testimony of a witness who has thwarted cross-examination by invoking his privilege against self-incrimination must be whether the defendant's inability to make the inquiry created a substantial danger of prejudice by depriving him of the ability to test the truth of the witness' direct testimony." (Syl. ¶ 4.)

See also Comment, *Evidence: The Fifth Amendment and the Defendant's Right of Confrontation*, 14 Washburn L.J. 373 (1975).

In *Montanez*, our court struck the witness's testimony because the defendant was unable to complete *cross-examination.* To the contrary in the instant case the defense underwent a thorough cross-examination and delved fully into Evans' involvement in the crime. Any bias the witness might have had was clearly exposed to the jury by the time Evans finally invoked his Fifth Amendment rights on re-cross-examination. The appellant's inability to have Evans answer a second time that he was involved in the robbery was in no way prejudicial, and the trial court was correct in its ruling.

The appellant also argues the trial court erred in refusing to suppress evidence seized as a result of a search of his residence. The appellant filed a motion to suppress pursuant to K.S.A. 22-3216. The trial court heard evidence relative to the motion and subsequently denied it. The appellant asks this court to establish the quantum of evidence necessary for the State to prove voluntariness of consent.

The evidence here was conflicting. Detective Miltz testified he received consent from both the appellant and Carol Dorsey, the appellant's common-law wife, to search the residence. The appellant, on the other hand, testified that after he was arrested and

advised of his rights the officers informed him they were going to search his residence and refusal of consent would only prolong the situation. He testified he replied: "Do what you want to do. You're going to do it anyhow."

If the findings of the trial court on a motion to suppress evidence are based upon substantial evidence this court on review will not substitute its view of the evidence for that of the trial court. *State v. Johnson,* 223 Kan. 185, 187, 573 P.2d 595 (1977); *State v. Youngblood,* 220 Kan. 782, Syl. ¶ 2, 556 P.2d 195 (1976). As a general rule the burden of proving that a search and seizure was lawful and based upon probable cause rests upon the prosecution. *State v. Morgan,* 222 Kan. 149, 152, 563 P.2d 1056 (1977); *State v. Youngblood,* 220 Kan. 782, Syl. ¶ 1; *State v. Huff,* 220 Kan. 162, 165, 551 P.2d 880 (1976).

Here the search of the appellant's residence was without a warrant. However, one of the exceptions to the requirement of a search warrant is a search made with consent or waiver voluntarily, intelligently and knowingly given. *State v. Jakeway,* 221 Kan. 142, Syl. ¶ 4, 558 P.2d 113 (1976). The existence and voluntariness of a consent to search and seizure is a question of fact to be decided in light of attendant circumstances by the trier of facts and will not be overturned on appeal unless clearly erroneous. *State v. Buckner,* 223 Kan. 138, 144, 574 P.2d 918 (1977); *State v. Jakeway,* 221 Kan. 142, Syl. ¶ 6. Contrary to the appellant's assertion the quantum of evidence necessary to prove voluntariness has been held to be by a preponderance. See *State v. Buckner,* 223 Kan. 138, Syl. ¶ 2.

Here the appellant was neither threatened nor coerced to give his consent. He was fully informed of his rights and voluntarily gave his consent to the search. Thus, the findings of the trial court are based upon substantial competent evidence and we refuse to set them aside on appeal.

Finally, the appellant challenges the sufficiency of the evidence. We have often stated the issue on appeal in a criminal case is not whether the evidence establishes guilt beyond a reasonable doubt, but whether there is sufficient evidence to form a basis for a reasonable inference of guilt when viewed in a light most favorable to the State. On appeal this court will not reweigh the evidence and pass upon the credibility of the witnesses. Our review is limited to ascertaining whether there is a basis for a

reasonable inference of guilt. *State v. McBarron,* 224 Kan. 710, 715, 585 P.2d 1041 (1978); *State v. Smith & Miller,* 224 Kan. 662, 665, 585 P.2d 1006 (1978), *modified* 225 Kan. 199, 588 P.2d 953 (1979); *State v. Cook,* 224 Kan. 132, 137, 578 P.2d 257 (1978); see also *State v. Howard,* 224 Kan. 208, 213, 579 P.2d 702 (1978).

Clearly, sufficient evidence exists to support the verdict. Louis Aguilar, Jr., testified that a black man, with black hair, wearing a nylon stocking and carrying what appeared to be a gun robbed him and assaulted him at the Derby station on the night in question. He stated the robber had the same height and build as the appellant. Robert Evans, who had known the appellant for five years, said the appellant was the robber of the station. He related the details of the robbery and subsequent events in great detail during his testimony. Detective Miltz testified that he searched the appellant's home and found a toy pistol and bits of nylon stockings stuffed inside an old radio. The evidence when taken as a whole and viewed in the light most favorable to the State establishes a reasonable inference of guilt, and the appellant's argument must fail.

The judgment of the lower court is affirmed.