(609 P.2d 228)

No. 51,207

STATE OF KANSAS, *Appellant,* v. JAMES WALLACE TOWLES and CONNIE MARIE BREWER, *Appellees.*

Petition for review denied May 19, 1980.

Opinion filed April 4, 1980.

*Larry McClain,* assistant district attorney; *Dennis W. Moore,* district attorney; and *Robert T. Stephan,* attorney general, for appellant.

*John C. Humpage,* of Humpage, Berger and Hoffman, of Topeka, for appellees.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

MEYER, J.: This is an interlocutory appeal taken by the State pursuant to K.S.A. 22-3603 from the district court's order suppressing evidence.

On December 15, 1978, Detective John E. Scofield executed a sworn affidavit requesting the issuance of a search warrant to search a residence located at 8511 West 53rd in Overland Park, Kansas, for a quantity of marijuana. The affidavit stated in pertinent part:

"(2) Affiant was contacted by a reliable confidential informant who advised that, in the last 48 hours, said reliable confidential informant was at the residence at 8511 West 53rd, Overland Park, Johnson County, Kansas, and that while at the residence, the reliable confidential informant observed a quantity of green leafy vegetation, which the confidential reliable informant believes to be marihuana, in the residence at 8511 West 53rd, Overland Park, Johnson County, Kansas.

"(3) The reliable confidential informant stated to the Affiant that the belief that the green leafy vegetation is marihuana is based on prior observation and usage of the substance.

"(4) Affiant believes the reliable confidential informant to be reliable from the following:
  "a) within the last year, the confidential informant has given information leading to twelve search warrants for various types of controlled substances; and
  "b) the aforementioned search warrants have resulted in the seizure of controlled substances in each instance and consequently resulted in arrests arid/or arrest warrants."

A search warrant was issued and executed the same day upon the strength of the above affidavit authorizing the seizure of marijuana at the stated address. The officers executing the warrant found and seized marijuana and additionally discovered and seized a large quantity of allegedly stolen property in the residence. A second search warrant was issued and executed December 18, 1978, and more items were seized. The suppression of items seized pursuant to the initial search warrant would necessarily result in suppression of items seized under authority of the second warrant.

An information was filed January 19, 1979, charging defendants with multiple crimes. Thereafter, defense counsel filed various pretrial motions, including a motion to suppress the evidence seized on the basis that the affidavit underlying the initial search warrant was "permeated with flagrant numerous and gross attestation of material false reckless and incorrect information." A hearing was held April 24, 1979, wherein four witnesses, including defendant Brewer, testified on the defendants' behalf. The prosecution offered no witnesses. Thereafter, the trial judge examined the confidential informant in camera after requesting both parties to submit questions to propound to the witness. On June 19, 1979, the court issued a memorandum decision sustaining defendants' motion to suppress.

The trial court made numerous findings of fact but apparently based its decision to suppress primarily on the following:

"At the hearing, a somewhat different picture emerged than that painted in the affidavit. Inquiry revealed an informant who acted under the express and direct supervision of police officers - in essence - a paid agent of the police. The informant also received a bonus payment if the information led to a large seizure. While this is not in and of itself impermissible, it is directly contrary to the facts presented in the affidavit. The affiant stated that, 'Affiant was contacted by a reliable confidential informant who . . . was at the residence.' This statement is clearly a false representation because the affiant was not contacted by the informant, but rather the informant was solicited by the police to act as a confidential informant."

Additionally, the trial court found that:

"The affidavit infers the affiant had prior personal contact with the confidential informant and that the alleged confidential informant was reliable for the reasons set forth in paragraph (4) of the affidavit. The confidential informant testified that she had no contact with the affiant prior to December 14, 1978."

The State brings this appeal, solely contending that the trial court erred in finding the search warrant affidavit contained false representations.

The issue as presented is integrally related to the United States Supreme Court's decision announced in *Franks v. Delaware,* 438 U.S. 154, 57 L.Ed.2d 667, 98 S.Ct. 2674 (1978). The holding in *Franks* may be summarized as follows:

"[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, òr with reckless disregard for the truth, was included by the affiant in the warrant affidavit, *and if the allegedly false statement is necessary to the finding of probable cause,* the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, *the affidavit's remaining content is insufficient to establish probable cause,* the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." 438 U.S. at 155-156. (Emphasis added.)

The State does not argue that the trial court's recitation of facts adduced at the hearing is erroneous or unsupported by the record but maintains that such a reading of the affidavit is "hypertechnical." The State urges the affidavit is essentially true when read in a common-sense and realistic fashion. See *United States v. Ventresca,* 380 U.S. 102, 108, 13 L.Ed.2d 684, 85 S.Ct. 741 (1965); *State v. White & Stewart,* 225 Kan. 87, 101, 587 P.2d 1259 (1978). In *Franks,* the Court stated that, while a truthful showing underlying probable cause is necessitated:

"[t]his does not mean 'truthful' in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily. *But surely it is to be 'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true."* (Emphasis added.) 438 U.S. at 165.

Thus, the focus of inquiry is upon the state of facts as they appeared to the affiant in this case, Detective Scofield. See *United States v. Smith,* 588 F.2d 737, 739 (9th Cir. 1978).

Applying the above standards to the trial court's findings, we find no error in the court's conclusion that the part of the affidavit stating that "Affiant was contacted by a reliable confidential informant . . ." is a misstatement which must be excluded. During the in camera examination of the informant, the following transpired:

"THE COURT: . . . The Court has held various hearings heretofore in this matter and the Court understands that you have been at the address known as 8511 West 53rd Street, Overland Park, Kansas. Do you recognize that address?

"THE WITNESS: Yes, sir.

"THE COURT: When were you there?

"THE WITNESS: December 14th, 1978.

"THE COURT: What brought you—why did you go to that address on that date?

"THE WITNESS: To buy dope.

"THE COURT: Had you been there before?

"THE WITNESS: No, I haven't.

"THE COURT: Were you with anybody when you went there?

"THE WITNESS: I was with Ed Hayes and John Scodel (ph)—I cannot think—

"THE COURT: Scofield; John Scofield?

"THE WITNESS: Yes, sir, John Scofield.

"THE COURT: How was it that you and Officer Scofield and Officer Hayes went to that address at that date?

"THE WITNESS: Ed Hayes informed me that there was dope there and for me to go and I went up to talk to the people in the house.

"THE COURT: Whose automobile?

"THE WITNESS: Ed Hayes.

"THE COURT: Were you all three in the same automobile?

"THE WITNESS: Yes, we was."

During the in camera questions by the court the witness also admitted she was a paid informant, and that her compensation increased when good results were obtained.

It is abundantly clear from such testimony and other evidence adduced at the hearing that affiant Scofield's statement that the informant contacted affiant is a misstatement within the meaning of *Franks,* especially when we consider the fact of Scofield's direct contact with the informant.

However, we reach a different conclusion with respect to the trial court's interpretation of paragraph (4) of the warrant affidavit. While the allegations contained in paragraph (4) may imply direct contact with the informant prior to December 14, 1978, we do not believe defendants sustained their burden of showing the information contained therein was false. Since the affidavit was executed December 15, 1978, Scofield could have acquired the

information set out in paragraph (4) after having met the informant. Applying the rule that warrant affidavits are clothed with a presumption of validity (*State v. Jacques,* 225 Kan. 38, Syl. ¶ 4, 587 P.2d 861 [1978]), we cannot say defendants showed by a preponderance of the evidence that Scofield's sworn statements in paragraph (4) were made in deliberate or reckless disregard of the truth.

Having concluded the affidavit contains misstatements, we now consider whether the remaining allegations in the affidavit are sufficient to establish probable cause. In *Aguilar v. Texas,* 378 U.S. 108, 114, 12 L.Ed.2d 723, 84 S.Ct. 1509 (1964), the United States Supreme Court stated:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, *Jones v. United States,* 362 U.S. 257, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officers concluded that the informant . . . was 'credible' or his information 'reliable.' "

See also *State v. Morgan,* 222 Kan. 149, 151, 563 P.2d 1056 (1977).

While we agree there were misstatements in the affidavit, we cannot say that the remaining portions of the affidavit are insufficient to establish probable cause. The affidavit, read without the tainted allegations as to who contacted whom, establishes the informant saw a quantity of marijuana in defendants' residence and that the informant had provided reliable information in the past. We attach little significance to the complaints of the defendants relative to paragraph (4) a) of the affidavit for a search warrant, in that while one might infer that the confidential informant had given information to the affiant as to the previous arrests, the affidavit, strictly read, does not say to whom the prior information was given. The fact that such information was given to a fellow police officer rather than to the affiant is of little or no consequence provided the statement is true. When read in conjunction with the other untainted allegations, there was sufficient information to establish probable cause. Neither full disclosure of facts at hand nor elaborate specificity are required in executing warrant affidavits. *State v. Sanders,* 222 Kan. 189, 192, 563 P.2d 461, *cert. denied* 434 U.S. 833, *rehearing denied* 434 U.S. 1002 (1977).

Although we do not condone the misstatements made by the

swearing officer in this case, we conclude as a matter of law that the affidavit is sufficient to establish probable cause when the misstatements are excluded. Under *Franks,* we must conclude that no violation of a constitutional magnitude occurred.

In light of the foregoing, we hold that the trial court erred in suppressing the evidence seized.

Reversed and remanded.