No. 54,273

STATE OF KANSAS, *Appellee,* v. JOHN WALTER, *Appellant.*

(670 P.2d 1354)

Opinion filed October 21, 1983.

*Lawrence P. Ireland,* of Ireland, Enright and Baird, of Topeka, argued the cause, and *B. L. Pringle,* of Topeka, and *Lynn E. Martin,* of Paola, were on the briefs for appellant.

*Herman A. Loepp,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the briefs for appellee.

The opinion of the court was delivered by

McFARLAND, J.: John Walter was convicted of possession of marijuana with intent to sell (K.S.A. 1982 Supp. 65-4127b[b][3]) and possession of drug paraphernalia (K.S.A. 1982 Supp. 65-4152). On appeal the Court of Appeals reversed the convictions and remanded the case for a new trial. *State v. Walter,* 8 Kan. App. 2d 461, 660 P.2d 574 (1983). The matter is before us on petition for review.

The Court of Appeals held the district court erred in denying defendant's motion to suppress all evidence seized in the execution of a search warrant. By virtue of this determination, other issues raised on appeal were not reached by the Court of Appeals.

We shall first discuss defendant's challenges to the affidavit on which the search warrant was issued. The search warrant was issued July 23, 1981 on the affidavit of Don Hermreck, then Anderson County Sheriff. The affidavit states:

"Affiant is the Anderson County Sheriff and has received heretofore unverified information from several sources that John Walter was growing marijuana on the above-described premises. On July 21, 1981, affiant received one such report from an informant who specifically said that he had personally observed mari-

juana growing on the above-stated premises. Affiant, upon receiving that information proceeded to view the premises from the public road south of the Walter's premises approximately 100 feet and saw what appeared to be approximately 1 acre of marijuana plants growing approximately 75 to 100 feet west of the house. Most of the plants were taller than the affiant. Affiant, based upon his experience in law enforcement dealing with, handling, and observing marijuana, believes the plants he observed growing to be marijuana."

The search warrant was executed the same day. A large quantity of growing marijuana (when cut by deputy sheriffs the marijuana filled a county dump truck) as well as a plastic planting flat with fitted individual seedling containers and a trowel were seized. The marijuana plants were, for the most part, six feet or greater in height, were planted in rows and occupied approximately three-fourths of an acre. The planting and cultivation equipment was located in the marijuana plot.

Subsequent testimony of the sheriff (presented at preliminary hearing and at the suppression hearing) differed from the affidavit in a number of respects—primarily in the areas of quantity and size of marijuana plants viewed prior to preparation of the affidavit and the number of informant contacts involved.

After having heard the evidence and with full opportunity to observe the witnesses' demeanor, the trial court concluded:

"There are inaccuracies in the affidavit presented for search warrant. With the inaccuracies removed, the affidavit still alleges the following facts:

"1.  Affiant is the Anderson County Sheriff.

"2.  Said affiant has received, heretofore, unverified information from several sources that defendant, John Walter, was growing marijuana on the described premises.

"3.  Said affiant received one such unverified report from an informant, who specifically said that he had personally observed marijuana growing on the above stated premises.

"4.  Affiant viewed, from a public road, marijuana plants growing upon the described premises. Affiant, based upon his experience in law enforcement, dealing with, handling and observing marijuana, believes the plants he observed growing, to be marijuana.

"The law I have applied to this case is best set forth in *U.S. v. Axselle*, 604 F.2d 1330 [(10th Cir. 1979)]. . . . I have also considered *State v. Newell*, 226 Kan. 295, [597 P.2d 1104] (1979), and *State v. Towles & Brewer*, 4 Kan. App. 2d 567, [609 P.2d 228, *rev. denied* 228 Kan. 807] (1980). Considering all of such matters, *I would specifically find further that the affiant's sworn statements were not made in deliberate or reckless disregard of the truth and further conclude that the remaining portions of the affidavit, set forth above, are sufficient to establish probable cause.* The unverified reports, while not sufficient, coupled with personal observation, which also would not be sufficient by itself, create a probable cause for the warrant." (Emphasis supplied.)

*Franks v. Delaware,* 438 U.S. 154, 57 L.Ed.2d 667, 98 S.Ct. 2674 (1978), concerns the issue of the type of preliminary showing a criminal defendant must make in order to be entitled to an evidentiary hearing on his challenge to the legal sufficiency of the affidavit supporting a search warrant. In *Franks,* the United States Supreme Court held:

"There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at the hearing is, of course, another issue." 438 U.S. at 171-72.

*Franks* was followed by this court in *State v. Jacques,* 225 Kan. 38, 587 P.2d 861 (1978). In the case before us, of course, defendant was afforded a full evidentiary hearing.

The Court of Appeals, relying on *Franks* and *Jacques,* stated:

"We may accept the trial court's finding that the misstatements were not deliberate, but their abundance, detail, and the breadth of their departure from fact, all lead us to conclude that they reflect at least a reckless disregard for the truth." 8 Kan. App. 2d at 463.

There was considerable confusion in the questions propounded to the sheriff relative to what he viewed and from which public road the view was made as well as the number of informant contacts. The trial court's finding "the affiant's sworn statements were not made in deliberate or reckless disregard of the truth" is supported by substantial evidence and may not be disturbed on appellate review.

The Court of Appeals held the affidavit stripped of erroneous

statements did not constitute probable cause to support the issuance of the search warrant. We do not agree.

When the affidavit is distilled to its essence, there remains the following:

1. The affiant was the Anderson County Sheriff.
2. The affiant was experienced in law enforcement.
3. The affiant was experienced in dealing with, handling and observing marijuana plants.
4. The affiant received an unverified report sometime before he viewed the property that marijuana was growing there.
5. The affiant, from a public road, viewed the property he was told marijuana was growing on and observed what he believed, based on his experience, were marijuana plants.

Having this information before it, the district court had substantial evidence to deny the motion. An appellate court holding otherwise would be reweighing the facts and substituting its judgment for that of the district court and would be exceeding its scope of review. See *State v. Lockett,* 232 Kan. 317, 319, 654 P.2d 433 (1982); *State v. Strecker,* 230 Kan. 602, 608, 641 P.2d 379 (1982); *State v. Nicholson,* 225 Kan. 418, 423, 590 P.2d 1069 (1979); *State v. Johnson,* 223 Kan. 185, 187, 573 P.2d 595 (1977); and *State v. Youngblood,* 220 Kan. 782, Syl. ¶ 2, 556 P.2d 195 (1976).

Defendant raises another objection to the affidavit. Defendant contends under *Aguilar v. Texas,* 378 U.S. 108, 12 L.Ed.2d 723, 84 S.Ct. 1509 (1964), there should have been a statement concerning the credibility of the informant. The Court of Appeals opinion in this case was filed on March 24, 1983. On June 8, 1983, the U.S. Supreme Court abandoned the two-prong credibility requirement of *Aguilar* (and *Spinelli v. United States,* 393 U.S. 410, 21 L.Ed.2d 637, 89 S.Ct. 584 [1969]) in *Illinois v. Gates,* 462 U.S. _____, 76 L.Ed.2d 527, 103 S.Ct. 2317 (1983), in favor of a totality of the circumstances approach. On June 23, 1983, the Kansas Court of Appeals in *State v. Rose,* 8 Kan. App. 2d 659, 665 P.2d 1111, *rev. denied* 234 Kan. 1077 (1983), abandoned the two-pronged test of *Aguilar* and *Spinelli* and adopted the "totality of the circumstances" test set forth in *Gates.* Refer-

ence may be made to the *Rose* decision for further discussion thereon.

We conclude this issue, in its entirety, is without merit and the trial court did not err in denying defendant's motion to suppress the evidence seized in the execution of the search warrant.

The second issue is whether the trial court erred in denying defendant's motion in limine which was treated as a motion for a protective order.

K.S.A. 1982 Supp. 65-4151, relative to drug paraphernalia, provides in part:

"In determining whether an object is drug paraphernalia, a court or other authority shall consider, in addition to all other logically relevant factors, the following:

"(a) Statements by an owner or person in control of the object concerning its use.

"(b) Prior convictions, if any, of an owner or person in control of the object, under any state or federal law relating to any controlled substance."

Defendant wanted to speak to these two subsections for the purpose of showing he was not in control of the trowel and flat removed from the marijuana patch and he had no prior convictions. The trial judge ruled if Mr. Walter testified to these matters he would open himself up to cross-examination of his knowledge of the property and also about his character. Defendant contended it was error not to allow him to address these statutory provisions without being subject to cross-examination.

Generally, the scope of cross-examination rests within the discretion of the trial court. *Timsah v. General Motors Corp.*, 225 Kan. 305, 591 P.2d 154 (1979). We find no error or abuse of discretion on this issue.

Defendant next contends the trial court erred in refusing to grant his motion for a new trial. Much of the motion is grounded on claims of error which we have already discussed and held to be without merit. That which remains is essentially a challenge to the sufficiency of the evidence.

When, on appeal, the sufficiency of the evidence in support of the conviction is challenged, the question for the reviewing court is: Does the evidence, when viewed in the light most favorable to the prosecution, convince the appellate court a rational fact finder could have found the defendant guilty beyond a reasonable doubt? *State v. Williams*, 234 Kan. 233, 670

P.2d 1348 (1983), and *State v. Everson,* 229 Kan. 540, 626 P.2d 1189 (1981).

We have carefully reviewed the record, applied the aforecited test, and are convinced a rational fact finder could have found defendant guilty beyond a reasonable doubt.

Other issues raised have been carefully considered and are held to be without merit although not specifically set forth in this opinion.

Judgment of the Court of Appeals reversing the district court is reversed and judgment of the district court is affirmed.